JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Michael Farinacci ("plaintiff"), appeals from the trial court's decision that dismissed his claims against defendant-appellee, Jeffrey Jandik ("defendant"), for failure to timely move to substitute the proper party pursuant to Civ. R. 25(A)(1). For the reasons that follow, we reverse and remand.
 {¶ 2} Attorney for defendant Jeffrey Jandik filed a notice of suggestion of death on June 30, 2004 and served the motion on plaintiff's counsel by regular mail that same day. Plaintiff filed a motion to substitute defendant Jeffrey Jandik with the Estate of Jeffrey Jandik on September 29, 2004. The trial court found that "[a] motion for substitution was not filed by September 30, 2004" and dismissed the complaint against Jeffrey Jandik on that basis.
 {¶ 3} Plaintiff presents the following sole assignment of error for our review:
 {¶ 4} "I. The trial court erred to the prejudice of the plaintiff-appellant in dismissing Jeffrey Jandik."
 {¶ 5} Civ. R. 25(A)(1) provides:
 {¶ 6} "(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
 {¶ 7} Decedent's attorney filed the notice of suggestion of death on June 30, 2004. The 90-day period expired on October 1, 2004.[1] It is undisputed that Farinacci filed a motion to substitute on September 29, 2004 and within the prescribed time period. Accordingly, the trial court erred by dismissing the complaint against Jeffrey Jandik on the belief that the motion to substitute was untimely.[2]
 {¶ 8} Plaintiff's sole assignment of error is sustained.
Judgment reversed and cause remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Rocco, J., concur.
[1] For purposes of time computation, the date of the act "from which the designated period of time begins to run shall not be included" but "the last day of the period so computed shall be included." Civ. R. 6(A). Decedent's attorney served the notice of suggestion by mail, which added an additional three days to the prescribed period. Civ. R. 6(E).
[2] We note that the trial court mistakenly found that plaintiff had not filed a motion to substitute by September 30, 2004. Notwithstanding, the record clearly reflects that plaintiff filed a motion to substitute on September 29, 2004.